United States District Court
Southern District of Texas
**ENTERED**
May 16, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE H. MASSEY and ADAM F. MASSEY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1144 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiffs Stephanie H. Massey and Adam F. Massey's (collectively, "Plaintiffs") Amended Motion for Remand (Doc. 12).[2] The court has considered the motion, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' amended motion for remand be **GRANTED**.

### I. Case Background

On December 15, 2017, Plaintiffs filed this action in the 333rd District Court in Harris County, Texas, alleging causes of action for breach of contract, breach of the duty of good faith and fair dealing, fraud, conspiracy, negligent hiring, training,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated Apr. 16, 2018.

[2] In light of Plaintiffs' amended motion for remand (Doc. 12), the court **RECOMMENDS** that the earlier motion for remand (Doc. 8) be **DENIED AS MOOT**. Additionally, should this recommendation be adopted, the court **RECOMMENDS** that Defendant Allstate's motion to compel appraisal (Doc. 7) be **DENIED AS MOOT**.

supervision, and retention, as well as for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, in connection with storm damage to their home from Hurricane Harvey.[3] Plaintiffs brought claims against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and four insurance adjusters: Sherina Latimer ("Latimer"), Jeff Walburn ("Walburn"), Doyle Delaney ("Delaney"), and Lightfeather Jake ("Jake").[4]

Defendant Allstate received service of Plaintiffs' state court petition on December 26, 2017, and filed its answer on January 19, 2018.[5] On March 20, 2018, Defendant Allstate filed an election of legal responsibility under Texas Insurance Code § 542A.006 for the named insurance adjusters.[6]

On April 2, 2018, Plaintiffs filed a first amended petition that additionally averred that Plaintiffs sent a pre-suit letter to Defendant Allstate on September 25, 2017, and acknowledged that Defendant Allstate had filed the election of legal responsibility under Section 542A.006 of the Texas Insurance Code.[7] On April 2, 2018, the state court dismissed the four insurance adjusters

---

[3] See Doc. 1-3, Pls.' Orig. Pet. & 1st Set of Disc. Reqs. pp. 1-23.

[4] See id.

[5] See Doc. 1, Def. Allstate's Not. of Removal p. 1.

[6] See Doc. 1-8, Ex. 7 to Def.'s Not. of Removal, Def. Allstate's Election of Legal Responsibility Under Section 542A.006 of the Tex. Ins. Code.

[7] See Doc. 1-12, Pls.' 1st Am. Pet. pp. 10-11.

pursuant to the election of legal responsibility.[8]

On April 11, 2018, Defendant Allstate removed the case to this court.[9] Defendant Allstate later filed a motion to compel appraisal of the property.[10] Plaintiffs moved to remand the case on April 19, 2018, and, on April 30, 2018, requested that the court stay these proceedings pending an expedited ruling on the motion to remand.[11] Defendant Allstate amended its notice of removal on May 1, 2018.[12] Plaintiffs amended their motion for remand on May 4, 2018; Defendant Allstate responded on May 4, 2018; Plaintiff replied on May 10, 2018.[13] In a scheduling conference held on May 7, 2018, the court granted the motion to stay proceedings until ruling on the pending motion for remand.[14]

## II. Legal Standard

The jurisdictional statutes allow removal of "any civil action brought in a State court of which the district courts of the United

---

[8] See Doc. 1-10, Ex. 9 to Def.'s Not. of Removal, Ord. of Dismissal of Defs. Latimer, Walburn, Delaney, and Jake With Prejudice.

[9] See Doc. 1, Def. Allstate's Not. of Removal.

[10] See Doc. 7, Def. Allstate's Mot. to Compel Appraisal & Abate Proceedings Pending Completion of Appraisal.

[11] See Doc. 8, Pls.' Mot. to Remand; Doc. 10, Pls.' Mot. to Stay Proceedings Pending Ruling on Mot. for Remand & Request for Expedited Consideration.

[12] See Doc. 11, Def. Allstate's Am. Not. of Removal.

[13] See Doc. 12, Pls.' 1st Am. Mot. for Remand; Doc. 13, Def. Allstate's Resp. to Pls.' Mot. for Remand; Doc. 15, Pls.' Reply in Support of Their Am. Mot. for Remand.

[14] See Doc. 14, Min. Entry Ord. Dated May 7, 2018.

States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant may remove a case in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. See 28 U.S.C. §§ 1332, 1441. Complete diversity refers to the requirement that the citizenship of each of the plaintiffs must be different from that of each of the defendants. Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991).

Section 1446(b) of Title 28 of the United States Code ("Section 1446"), governs the timing of removal to federal court. Generally, a notice of removal must be filed within thirty days after service of the initial pleading on the defendant. 28 U.S.C. § 1446(b)(1). However, when the original petition does not include a removable claim, subsection (b)(3) provides the time for removal:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999); Johnson v. Heublein, 227 F.3d 236, 241-42 (5th Cir. 2000).

### III. Analysis

This motion requires the court consider the Texas Insurance Code, the voluntary-involuntary rule, and the parties' arguments.

**A. Texas Insurance Code**

During the 85th legislative session, the Texas Legislature enacted H.B. 1774, which created Chapter 542A of the Texas Insurance Code with an effective date of September 1, 2017. Vasquez v. State Farm Lloyds, Civil No. SA-17-CV-01080-DAE, 2018 WL 1899808, at *3 n.2 (W.D. Tex. Mar. 15, 2018)(slip op.). Pertinent to this case is Texas Insurance Code § ("Section") 542A.006, which allows insurers to elect legal responsibility for their agents. Under Section 542A.006(a), when an insurer is a party to an action, it "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Tex. Ins. Code § 542A.006(a). If this election is made after a lawsuit has been filed, as is what happened in this case, then "the court shall dismiss that action with prejudice." Tex. Ins. Code § 542A.006(b). An "agent" is defined as an "employee, agent, representative, or adjuster who performs any act on behalf of an insurer." Tex. Ins. Code § 542A.001(1).

**B. Voluntary-Involuntary Rule**

Plaintiffs cite the voluntary-involuntary rule in support of their motion to remand. The voluntary-involuntary rule states that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)(quoting Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th

Cir. 1967)); Insinga v. LaBella, 845 F.2d 249, 253-54 (11th Cir. 1988). The voluntary-involuntary rule was established by the Supreme Court in Whitcomb v. Smithson, 175 U.S. 635 (1900), and has remained intact following the enactment of 28 U.S.C. § 1446. Weems, 380 F.2d at 547-48. In Whitcomb and Weems, the actions did not become removable when the non-diverse defendants were dismissed by means of directed verdicts.

There is an exception to the voluntary-involuntary rule when dismissal of a non-diverse party is due to fraudulent joinder. Crockett, 436 F.3d at 532. Fraudulent joinder can be shown by "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). This fraudulent joinder exception is "designed to prevent plaintiffs from blocking removal by joining non-diverse and/or in-state defendants who should not be parties." Id. Additionally, the Fifth Circuit in Crockett held that there is also an exception in cases where defendants are improperly, but not fraudulently, joined. Id.

Under the Erie[15] doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural law. Nat'l Liab. & Fire Ins. Co. v. R&R Marine, Inc., 756 F.3d 825, 834 (5th Cir. 2014). The voluntary-involuntary rule is clearly a federal

---

[15] Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)

procedural rule, as it is ancillary to statutes governing whether removal was proper.

## C. Discussion of Parties' Arguments

Here, the dispute concerns whether the invocation of Section 542A.006 bars the application of the voluntary-involuntary procedural rule. If the court allows Defendant Allstate to create removal jurisdiction by electing responsibility under the state statute, an involuntary act with respect to Plaintiffs, then this plainly eviscerates the voluntary-involuntary rule, because, despite what Defendant Allstate argues, Plaintiffs did not act voluntarily to make this case removable.

Defendant Allstate argues that the voluntary-involuntary rule applies only to merits-based dismissals of non-diverse parties and does not apply to the procedural mechanism found in Texas Insurance Code Section 542A.006 whereby liability may be assumed by an insurance company. An important reason for the voluntary-involuntary rule is that an involuntary dismissal of a non-diverse defendant may be subsequently appealed by the plaintiff to the state appellate court and reversed on the merits, and such a reversal would destroy diversity and "offend . . . traditional notions of judicial economy." See Gandy v. Crompton, 55 F. Supp.2d 593, 596 (S.D. Miss. 1999)(quoting Arthur v. E.I. DuPont, 798 F. Supp. 367, 368 (S.D. W.Va. 1992)). Therefore, involuntary dismissals, as a matter of judicial economy, may not create diversity. Id. The

court agrees that Defendant Allstate's acceptance of liability for the actions of its adjusters does not invoke the same concerns; however, the court is not inclined to carve out another exception to the voluntary-involuntary rule when the dismissal of a non-diverse party is involuntary to the plaintiff, but not appealable.

Defendant Allstate also posits that the action was timely removed pursuant to 28 U.S.C. § 1446(b)(3) because it was removed within thirty days from its receipt of an amended pleading or other paper from which it could be ascertained that the case had become removable. The amended pleading in this case was an amended state court petition that simply recited that Defendant Allstate had filed an election of responsibility for its adjusters. The court finds that the recitation of an involuntary action taken by Defendant Allstate in an amended petition does not make the action removable pursuant to 28 U.S.C. § 1446. Additionally, Defendant Allstate contends that Plaintiffs attempted to reassert causes of action against the insurance adjuster defendants because they addressed this election of liability in their amended pleading, making them improperly joined. The court finds this argument to be without merit. Plaintiffs filed their first amended petition on the same day the court entered the order dismissing the insurance adjuster defendants. The court will not assume that the amended petition was a reassertion of dismissed claims.

Defendant Allstate also argues that the state court's order

dismissing the non-diverse adjusters was an "other paper" that made the action removable. The court disagrees. In S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996), the court reaffirmed that for "other paper" to trigger a right to remove, it must be based on a voluntary act of the plaintiff and may not be based on an affidavit from defendant's counsel. Id. (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961)(explaining that "other paper" requires a voluntary act of the plaintiff and noting that a case cannot be deemed removable based on evidence from the defendant or by an order of the court)). Here, the court's order, prompted by Defendant Allstate's action, was still involuntary with respect to Plaintiffs and cannot form the basis for a removal pursuant to Section 1446(b)(3).

Defendant Allstate further argues that Section 542A.006 removes the need for a traditional fraudulent joinder analysis and trumps the voluntary-involuntary rule. However, the federal procedural law takes precedence when analyzing a federal procedural issue. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 51-55 (1991); Peter Westen & Jeffrey S. Lehman, Is There Life for *Erie* After the Death of Diversity?, 78 Mich. L. Rev. 311, 315 (1980)("[The Rules of Decision Act] reminds the federal courts that if a valid federal rule exists-whether constitutional, statutory, or judge-made-the federal rule shall govern.").

Consistent with federal procedural law, Defendant Allstate

9

could have removed the case within thirty days of service and challenged joinder of the non-diverse parties as improper or fraudulent. However it opted not to pursue this avenue and later assumed liability for the actions of the non-diverse defendants.

The court finds that Defendant Allstate's election of responsibility under state law was not a voluntary act of Plaintiff, and the voluntary-involuntary rule makes this case not removable. Additionally, Defendant Allstate's removal was untimely. Having reached these conclusions, the court will not address the parties' policy-related arguments. This case should be remanded to state court.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' amended motion for remand be **GRANTED**. This case should be **REMANDED** to the 333rd District Court in Harris County, Texas.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of May, 2018.

_____
U.S. MAGISTRATE JUDGE