UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM F. MASSEY, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1144 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 16. The Magistrate Judge considered plaintiffs Adam Massey and Stephanie Massey's amended motion for remand (Dkt. 12). *Id.* Defendant Allstate Vehicle and Property Insurance Company ("Allstate") timely objected to the M&R. Dkt. 17. The Masseys did not object. Having considered the M&R, motion, Allstate's objections, and other relevant materials in the record, the court is of the opinion that Allstate's objections should be OVERRULED and that the M&R should be ADOPTED IN FULL.

### I. BACKGROUND

In this insurance case, the Masseys' home suffered storm damage during Hurricane Harvey. Dkt. 1-3. On December 15, 2017, the Masseys sued Allstate and four insurance adjusters[1] in the 333rd Judicial District Court of Harris County, Texas, for: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) fraud; (4) conspiracy; (5) negligent hiring, training, supervision,

---

[1] The adjusters included Sherina Latimer, Jeff Walburn, Doyle Delaney, and Lightfeather Jake. Dkt. 1-3 at 1.

and retention; (6) violations of the Texas Insurance Code; and (7) violations of the Texas Deceptive Trade Practices Act. *Id.*

Allstate received service of the petition on December 26, 2017, and filed its answer on January 19, 2018. Dkt. 1. On March 20, Allstate filed an election of legal responsibility ("Election") under Texas Insurance Code § 542A.006 for the adjusters. Dkt. 1-8. Under § 542A.006, when an insurer is a party to an action, it "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Tex. Ins. Code Ann. § 542A.006. If this election is made after a lawsuit has been filed, then "the court shall dismiss that action with prejudice." *Id.* In relevant part, an "agent" is defined to include an "adjuster who performs any act on behalf of an insurer." *Id.* § 542A.001(1).

On April 2, the Masseys filed an amended petition acknowledging that Allstate filed the Election. Dkt. 1-12. That same day, the state court dismissed the four adjusters pursuant to § 542A.006. Dkt. 1-10. Then, on April 11, Allstate removed the case. Dkt. 1. The Masseys now move for remand. Dkts. 8, 12. It is undisputed that without the adjusters, complete diversity exists. Dkts. 1, 17, 18. The only inquiry is whether removal was proper.

In the M&R, Judge Johnson finds that the voluntary-involuntary rule applies to this case and makes the case not removable. Dkt. 16 at 10. Further, she finds that Allstate did not timely file its notice of removal. *Id.* Accordingly, she recommends granting the Masseys' motion for remand. *Id.* Allstate objects to that recommendation. Dkt. 17.

## II. LEGAL STANDARD

### A.  Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**B.     Motion for Remand**

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). Therefore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. OBJECTIONS

Allstate objects that: (1) the voluntary-involuntary rule does not apply; (2) its removal was timely; and (3) the Masseys' first amended petition created independent grounds for removal based on improper joinder. Dkt. 17. The court will consider each objection in turn.

**A.     Voluntary-Involuntary Rule**

Allstate objects that Judge Johnson erred in applying the voluntary-involuntary rule in this case. *Id.* at 6. The voluntary-involuntary rule states that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Dreyfus Corp.*,

380 F.2d 545, 547 (5th Cir. 1967)). Courts recognize an exception to the rule "where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder." *Id.* This fraudulent joinder exception is "designed to prevent plaintiffs from blocking removal by joining non-diverse and/or in-state defendants who should not be parties." *Id.* at 533. In *Crockett*, the Fifth Circuit applied this fraudulent joinder exception to defendants who are "improperly, though not fraudulently, joined." *Id.*

Allstate now tries to add another exception to the voluntary-involuntary rule. Allstate argues that the rule "does not apply to non-merits based dismissals." Dkt. 17 at 6. The court disagrees. Allstate relies heavily on *Zea v. Avis Rent a Car Sys., Inc.*, a district court case out of Galveston. *Id.* (citing 435 F. Supp. 2d 603, 607 (S.D. Tex. 2006)). In *Zea*, prior to removal, the state court issued a realignment order over the plaintiffs' objections. 435 F. Supp. 2d at 607. Acknowledging that the case concerned "an issue of first impression within the Circuit," the court held that *Crockett* was the most applicable precedent. *Id.* Thus, the court found that the realignment order turned the case from a nonremovable case to a removable case "in accordance with . . . *Crockett*." *Id.* The court distinguished its case from *Weems* by stating that the realignment order "did not address the merits of [the] underlying claims," but the state court order in *Weems* did. *Id.* Allstate argues that by distinguishing *Weems*, *Zea* articulated a rule that non-merits based dismissals are not subject to the voluntary-involuntary rule. Dkt. 17 at 8.

The court sees several flaws in Allstate's analysis. First, the court disagrees that *Zea* stands for such a proposition. The decision in *Zea* was expressly based on *Crockett*, not on its distinctions from *Weems*. *See Zea*, 435 F. Supp. 2d at 607. Second, even if *Zea* does stand for that proposition, the decision was not based on binding Fifth Circuit precedent and is not binding on the court. *Id.* Third, *Crockett*, and later Fifth Circuit cases based on *Crockett*, are contrary to Allstate's argument.

4

In *Crockett*, the state court severed plaintiff Crockett's claims against two sets of defendants because the claims against each set had "totally different" burdens of proof. 436 F.3d at 533. Though the severance order was not a voluntary act by the plaintiff, the Fifth Circuit held that the voluntary-involuntary rule did not apply. *Id.* Allstate argues that *Crockett* did not apply the voluntary-involuntary rule because the severance order was a non-merits based order. Dkt. 17 at 18. However, *Crockett* applied the fraudulent joinder exception to improper joinder. *See* 436 F.3d at 533. The court held that "[t]o the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding." *Id.* The court then stated:

> The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined.

*Id.* Thus, *Crockett* did not hold that only merits based dismissals are subject to the voluntary-involuntary rule. Instead, *Crockett* held that the severance order was "tantamount to a finding of improper joinder," and improper joinder is an exception to the rule. *Id.*

The Fifth Circuit further illustrated this point in *Morgan v. Chase Home Finance, LLC*. *See* 306 F. App'x 49, 53 (5th Cir. 2008). In *Morgan*, the plaintiff sued the non-diverse defendant for breach of fiduciary duty. *Id.* However, under Texas law, the trustee—the non-diverse defendant—did not owe a fiduciary duty to the plaintiff. *Id.* Thus, the court extended *Crockett* and held that because the plaintiff "failed to establish a cause of action against [the non-diverse defendant], we agree with the finding that she was fraudulently joined." *Id.* And because fraudulent joinder is an exception to the voluntary-involuntary rule, the rule did not apply. *Id.* Once again, the Fifth Circuit reaffirmed that the exception to the voluntary-involuntary rule applies when the plaintiff

5

fraudulently or improperly joined the non-diverse defendant, not when the state court order is non-merits based.

Thus, the inquiry for the court is not whether the state court dismissal was on the merits, but whether the dismissal is "tantamount to a finding of" fraudulent/improper joinder. *See Crockett*, 436 F.3d at 533. Allstate admits that the Masseys did not improperly or fraudulently join the adjusters.[2] Dkt. 17 at 14. The court agrees. As Allstate admits, the Masseys asserted viable claims against the adjusters. *Id.* at 10, 13 n.3. Further, unlike in *Crockett*, this case does not involve a severance order of dissimilar claims. *See* 436 F.3d at 533. Because the state court's dismissal of the adjusters is not tantamount to a finding of improper or fraudulent joinder, *Crockett* does not apply. And because non-merits based dismissals are not an exception to the voluntary-involuntary rule, the rule applies. Allstate could not remove the case based on the state court's dismissal of the adjusters as that dismissal was involuntary to the Masseys. *See Weems*, 380 F.2d at 547. Thus, Allstate's objection is OVERRULED.

**B.      Timeliness**

Allstate objects that its removal was timely. Dkt. 17 at 12. Allstate argues that because the Masseys did not improperly or fraudulently join the adjusters, the jurisdictional facts revealing a basis for removal were not apparent from the face of the initial pleading. *See id.* Generally, a notice of removal must be filed within thirty days after service of the initial pleading on the defendant. 28 U.S.C. § 1446(b)(1). But when the original petition does not include a removable claim, a notice of removal must be filed within thirty days after service of "a copy of an amended pleading, motion,

---

[2]Allstate asserts that the Masseys improperly joined the adjusters in their first amended petition, once the state court had already dismissed the adjusters. Dkt. 17 at 15. The court will address that argument below. *See infra* Section III.C.

order[,] or other paper from which it may first be ascertained that the case" is removable. *Id.* § 1446(b)(1).

After determining that the voluntary-involuntary rule applied, Judge Johnson also determined that Allstate "could have removed the case within thirty days of service and challenged joinder of the non-diverse parties as improper or fraudulent." Dkt. 16 at 10. Thus, according to Judge Johnson, the removal was both barred by the voluntary-involuntary rule and untimely. The court disagrees with Judge Johnson insofar as the M&R suggests that the adjusters were improperly or fraudulently joined.[3] However, because the court agrees that the voluntary-involuntary rule makes this case not removable, the timeliness issue is moot. Thus, Allstate's objection is OVERRULED AS MOOT.

## C. Improper Joinder

Allstate objects that the Masseys' first amended petition created independent grounds for removal based on improper joinder. Dkt. 17 at 15. On the same day that the state court issued its order dismissing the adjusters, the Masseys filed an amended petition acknowledging that Allstate made the Election. Dkt. 1-12. However, the Masseys did not amend the petition to remove the claims against the adjusters. *Id.* Thus, Allstate argues that the Masseys improperly joined the adjusters by asserting non-viable claims against them after the Election was made. Dkt. 17 at 21. Judge Johnson held:

> The court finds this argument to be without merit. [The Masseys] filed their first amended petition on the same day the court entered the order dismissing the insurance adjuster defendants. The court will not assume that the amended petition was a reassertion of dismissed claims.

---

[3]Notably, Allstate's only potentially viable argument to get around the voluntary-involuntary rule is that the state court dismissal was tantamount to a finding of improper or fraudulent joinder. *See supra* Section III.A. And if Allstate made that argument, the removal would have been untimely as the alleged improper/fraudulent joinder would have been evident in the original petition.

7

Dkt. 16 at 8.

The court agrees with Judge Johnson's analysis. Almost certainly, the Masseys were not intending to reassert claims against the adjusters in the same petition that acknowledged Allstate made an Election that dismissed those claims. Moreover, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82. The court has serious doubts about the propriety of the removal based on this improper joinder argument, and the court must resolve those doubts in favor of remand. *Id.* Thus, Allstate's objection is OVERRULED.

## IV. CONCLUSION

Allstate's objections (Dkt. 17) are OVERRULED. The M&R (Dkt. 16) is ADOPTED IN FULL. The Masseys' amended motion for remand (Dkt. 12) is GRANTED. Costs, expenses, and attorneys' fees are DENIED. All other pending motions are DENIED AS MOOT. The case is REMANDED to the 333rd Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on June 18, 2018.

_____
Gray H. Miller
United States District Judge